UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

IN RE: Paul C. Vallee  
       Debtor

Bk. No. 11-13052-JMD  
Chapter 13

## AMENDED CHAPTER 13 PLAN DATED October 14, 2011

☐   If this box is checked, this plan contains certain special provisions set out in paragraph 13 below. Otherwise, the plan includes no provisions deviating from LBF 3015-1A, the model plan in effect at the time of the filing of the plan in this Court.

Debtor(s):     Paul C. Vallee                      SS# XXX-XX- 8200

1. **PLAN PAYMENTS**

   The applicable commitment period pursuant to §1325(b)(4) is not less than   5   years.  
   This is a   60   month plan.

   | Plan Payments: | Debtor(s) to pay to Trustee monthly: | $ 633.00 |
   |---|---|---|
   | | Number of months: | x 60 |
   | | Total of monthly plan payments: | $ 37,980.00 |

   In addition, for each year during the term of the plan, all tax refunds in excess of $1,200.00 will be remitted within 14 days of receipt to the Trustee as additional disposable income to fund the plan. Deviation from this requirement in a given year will be considered by the Court only upon the filing of a motion asserting extenuating circumstances; any such motion must be filed within 30 days of the date of the filing of the tax return at issue.

   Other plan payment provisions, if any:  
   _____  
   _____

2. **ADMINSTRATIVE CLAIMS**

   Trustee's fee pursuant to 11 U.S.C. § 1302 and Debtor's attorney's fees.

   A.   Trustee's estimated fees and expenses  
   (10%) of the total to be paid):                                 $ 10%

   B.   Attorney's fee and expense requested to be paid through  
   the plan, payable pursuant to AO 2016-1, notwithstanding  
   11 U.S.C. § 1325(a)(5)(B) (iii):                       $ 0.00

   C.   Other                                                              $ _____

3. **DOMESTIC SUPPORT OBLIGATIONS**

   The following DSO claims will be paid in full through the plan:

   | Creditor | Estimated Total Prepetition Claim |
   |---|---|
   | Stephanie Vallee | $ 0.00 – current* |
   | | $ |

   *Debtor pays Stephanie Vallee $176.00 every week and is current.

4. **PRIORITY CLAIMS:**

   | Creditor | Interest Rate | Estimated Total Prepetition Claim |
   |---|---|---|
   | Internal Revenue Service (per proof amount) | | $ 7,816.68 |
   | | | $ |

5. **SECURED CLAIMS (PRIMARY RESIDENCE)**

   Residence Located at: ___ 928 High Street, Candia, NH 03034

   The Debtor(s) estimate the fair market value of such primary residence to be ___ 180,000.00 ___.

   Regular mortgage payments and arrearage to be paid as follows:

   ( ) Outside the plan. The mortgage is current and will continue to be directly payable by Debtor(s).
   ( X ) The mortgage is not current. Regular post-petition payments will be made directly by the Debtor(s) and the prepetition arrearage only is to be paid through the plan, as follows:

   | Mortgagee | Estimated Total Prepetition and Agreed To Postpetition Arrearage |
   |---|---|
   | 1st America's Servicing Co. (per Proof filed) | $ 26,184.06 |
   | 2nd | $ |
   | 3rd | $ |

6. **SECURED CLAIMS (OTHER):**

   Current regular payments are to be made directly by the Debtor(s). Prepetition arrearage amounts, if any are to be paid through plan:

   | Name of Creditor | Collateral | Estimated Total Prepetition Arrearage |
   |---|---|---|
   | Bombardier | 2007 Bombardier 4-Wheeler ATV | $0.00 - current |
   | TD Bank | 2006 F2500 Chevrolet Pickup | $0.00 - current |

LBF 3015-1A (Eff. 12/1/09)

7. **SECURED CLAIMS TO BE MODIFIED**          NONE

   The following claims are modifiable under the provisions of the Bankruptcy Code and shall be paid through the plan as indicated.

   | | |
   |---|---|
   | Name of Creditor: | Green Tree |
   | Collateral: | 928 High Street, Candia, NH 03034 |
   | Valuation: | $44,586.00 to be determined & treated as an unsecured claim pursuant to 11 U.S.C. 506(a); Strip off/down secured status. |
   | Proposed Treatment: | Debtor will be filing a Motion to Determine Secured Status of Second Mortgage with Green Tree pursuant to 11 U.S.C. Section 506(a) and Section 1322(b)(2). |

   Name of Creditor: _____
   Collateral: _____
   Valuation: _____
   Proposed Treatment: _____

8. **SECURED CLAIMS WHERE COLLATERAL TO BE SURRENDERED**          NONE

   Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned and such collateral shall be deemed abandoned from the estate.

   Name of Creditor: _____
   Collateral: _____

   Name of Creditor: _____
   Collateral: _____

   Name of Creditor: _____
   Collateral: _____

9. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**          NONE

   Executory contracts and unexpired leases are assumed or rejected as follows:

   | Creditor/Lessor Property Description | Assumed/Rejected | Proposed Cure Amount/Period |
   |---|---|---|
   | | | |

10. **UNSECURED CLAIMS**

    Unsecured creditors' claims total $ 14,643.02 including, if applicable, the unsecured portion of claims modified under paragraph 7). The percentage to be paid toward these claims will be determined after the bar date for filing claims has passed and will be specified in a motion to allow claims. Unsecured creditors will begin receiving payment on a pro rata basis with any secured arrearage and priority claims after the issuance of such an order. If all scheduled claims are allowed, the percentage distribution to creditors is estimated at _____0_____ %.

11. **GENERAL PLAN PROVISIONS**

    A. **Duty to Provide Tax Returns:** The Debtors have an ongoing obligation to provide a copy of each federal income tax return (or any request for extension) directly to the Trustee within seven days of the filing of the return (or any request for extension) with the taxing authority.

    B. **Allowance of Claims:** In the event that a proof of claim is filed in an amount different from the amount listed in this plan, the proof of claim amount shall be deemed to be the correct amount unless the Debtors or another party in interest successfully objects to the proof of claim.

    C. **Property of the Estate and Insurance:** All property shall remain property of the estate until discharge. Pursuant to 11 U.S.C. §1306(b), the Debtors will remain in possession of all property of the estate unless a provision of this plan, or an order of this Court, specifically states otherwise. The Debtors shall maintain all insurance required by law and contract upon property of the estate and the Debtors' property.

    D. **Retention of Lien:** All secured creditors shall retain the liens securing their claims unless otherwise stated.

    E. **Application of Payments Under This Plan:**

        1. Pursuant to 11 U.S.C. § 524(i), payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credited to the Debtors' mortgage account as if the account were current and no prepetition default existed on the petition date, in the order of priority specified in the note and security agreement and applicable non-bankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

        2. **If a creditor applies payments in a manner not consistent with the terms of this plan, or applies Trustee payments to postpetition costs and fees without prior approval of this Court, such actions may be a violation of 11 U.S.C. § 524(i).**

    F. **Duty of Mortgage Servicer to Provide Loan Information:**

        1. Upon written request of the Debtors, any mortgage servicer or its successor shall provide to the Debtors and/or the Debtors' attorney all information with respect to the Debtors' mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes. The term "information" as used herein shall include, but is not limited to (a) coupon book or monthly statements to help the Debtors properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like. The Debtors shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge injunction resulting from its compliance with this section.

LBF 3015-1A (Eff. 12/1/09)

2. Upon written request of the Debtors' counsel, any of the information requested to be provided to the Debtors in paragraph F.1 above shall also be provided to the Debtors' counsel.

G. **Release of Certificate of Title Upon Satisfaction of Secured Claim:**

1. Upon satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the bankruptcy estate for which the certificate of title is in the possession of a secured creditor, such creditor shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on said title or certificate in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the Debtors or to the attorney for the Debtors.

2. Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph. This provision shall be enforced in a proceeding filed before this Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtors in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtors specifically reserve the right to file a Motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

12. **LIQUIDATION ANALYSIS**

In the event of a liquidation under Chapter 7, I/we would claim the state/federal exemptions, based upon which unsecured creditors would receive ___0.00___ %.

A. REAL ESTATE: **Residential**, located at ___928 High Street, Candia, NH 03034___

| Description | Fair Mkt. Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| 928 High Street, Candia, NH | $ 180,000.00 | $ 224,586.00 | $ 100,000.00, 480:1 | $ 0.00 |
| | | | Total Non-exempt value | $ 0.00 |

REAL ESTATE: **Non-residential**, located at ___NONE___

| Description | Fair Mkt. Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $ 0.00 |
| | | | Total Non-exempt value | $ 0.00 |

B. **NON-EXEMPT TANGIBLE ASSETS:**

| Description | Value | Fair Mkt. Liens | Exemption Amount and Cite | | Available Chapter 7 |
|---|---|---|---|---|---|
| Furnishings | $ 3,000.00 | $     0.00 | $3,000.00 | NH RSA 511:2 | $      0.00 |
| Clothing | $    500.00 | $     0.00 | $   500.00 | NH RSA 511:2 | $      0.00 |
| Shotgun | $    150.00 | $     0.00 | $   150.00 | NH RSA 511:2 | $      0.00 |
| 06 Chev. Truck | $18,000.00 | $18,000.00 | $       0.00 | NH RSA 511:2 | $      0.00 |
| 07 Bombardier | $ 3,000.00 | $ 3,456.00 | $       0.00 | NH RSA 511:2 | $      0.00 |
| Memb. Int. | $ 8,000.00 | $     0.00 | $7,850.00 | NH RSA 511:2 | $  150.00 |
| | | | | Total Non-exempt value | $  150.00 |

C. **NON-EXEMPT INTANGIBLE ASSETS: NONE**

| Description | Value | Fair Mkt. Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ |
| | | | Total Non-exempt value | $_____ |

13. **SPECIFIC NON-CONFORMING SPECIAL PLAN PROVISIONS (if any):**

The Debtor will be filing a motion to determine secured status of second mortgage
The value of his residence is $180,000.00, less than the balance of his first mortgage.
Upon successful completion of the Plan, the second mortgage will be eliminated

I/We declare under penalty of perjury that the foregoing is true and correct.

Date: __October 14, 2011__                    /s/ Paul C. Vallee
                                              Paul C. Vallee


LBF 3015-1A (Eff. 12/1/09)